801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Julius Earl RUFFIN, Appellant,
v.
Allyn R. SIELAFF, Director of the Virginia Department of
Corrections, Appellee.
 No. 85-7064.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1986.
Decided Sept. 16, 1986.
 
 Julius Earl Ruffin, appellant pro se.
 Richard B. Smith, Assistant Attorney General, for appellee.
 E.D.Va.
 DISMISSED.
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Julius Earl Ruffin, a Virginia inmate, seeks to appeal the district court's denial of habeas corpus relief. 28 U.S.C. Sec. 2254. Ruffin alleged the following grounds in support of his petition for relief:
 
 
 2
 (1) that the jury was not selected in accordance with Virginia's statutory requirements;
 
 
 3
 (2) that he was denied a fair trial because the prosecution discriminatorily used its four peremptory challenges to exclude from the actual jury the only four blacks on the jury panel; and
 
 
 4
 (3) that he was denied effective assistance of counsel.
 
 
 5
 In reviewing Ruffin's second claim and that portion of his third claim charging ineffectiveness in counsel's failure to object to the alleged discriminatory exercise of peremptory strikes, the magistrate and the district court considered an affidavit filed by Ruffin's former counsel to the effect that he did not object to the prosecutor's exercise of his strikes be cause he had no evidence that the prosecutor was striking black jurors for discriminatory reasons and he understood the law to be that such action in one case did not establish discrimination. While recognizing that the Supreme Court had granted a writ of certiorari in a case challenging the use of peremptory strikes to exclude all blacks from a criminal jury, the magistrate and the district court applied the law then in effect, Swain v. Alabama, 380 U.S. 202 (1964), in reviewing Ruffin's claims arising out of the prosecutor's use of his peremptory strikes. As counsel's understanding of the law as it developed under Swain was correct, the court below found no ineffectiveness in counsel's failure to object to the prosecutor's exercise of his peremptory strikes. The court further held that the absence of a timely objection would bar Ruffin from challenging the prosecutor's use of his strikes absent a showing of cause for the procedural default and resulting prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Again, the court recognized that a retroactive change in the law could establish cause, Reed v. Ross, 468 U.S. 1 (1984), but noted that the law as developed under Swain was at that point still valid.
 
 
 6
 After the district court's denial of habeas relief, the Supreme Court, in Batson v. Kentucky, --- U.S. ----, 54 U.S.L.W. 4425 (Apr. 30, 1986), significantly eased the burden imposed on a criminal defendant seeking to challenge the prosecutor's use of peremptory strikes against black jurors. After Batson, a showing of a pattern of racial strikes is not essential to a challenge to the prosecutor's exercise of his strikes against black jurors in any particular case. The Supreme Court has also decided, however, that its "decision in Batson should not be applied retroactively on collateral review of convictions that became final before [Batson ] was announced." Allen v. Hardy, --- U.S. ----, 54 U.S.L.W. 3856, 3856 (June 30, 1986) (per curiam). As the holding in Batson is not retroactive, the district court's conclusion--that objection to the prosecutor's use of his strikes would have been futile--stands, and counsel's failure to object was neither ineffective nor a ground for cause under Wainwright.
 
 
 7
 We have reviewed the record and find Ruffin's other grounds for relief to be without merit for the reasons stated by the magistrate and adopted by the district court. Ruffin v. Sielaff, C/A No. 85-290-N (E.D. Va., Nov. 8, 1985). We accordingly deny a certificate of probable cause to appeal and dismiss Ruffin's appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 DISMISSED.